IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ACE AMERICAN INSURANCE COMPANY, | : : : | CIVIL ACTION |
| Petitioner, | : : | |
| v. | : : | |
| MEADOWLANDS DEVELOPER LIMITED PARTNERSHIP, | : : : | No. 13-1613 |
| Respondent. | : : | |

## MEMORANDUM OPINION

TIMOTHY R. RICE                                                                                          October 22, 2015
U.S. MAGISTRATE JUDGE

      Plaintiff Ace American Insurance Co. ("Ace") holds a $5.2 million default judgment from an uncontested arbitration proceeding against defendant Meadowlands Developer Limited Partnership ("MDLP") for alleged unpaid insurance premiums. The judgment's validity, however, hinges on whether MDLP was properly served with Ace's Petition to Confirm the Arbitration Award.

      After extensive briefing and oral argument, I find MDLP was properly served and therefore deny its Motion to Vacate the Default Judgment. Ace twice properly served MDLP – in May and August 2013. MDLP does not contest being served in May 2013 and Ace has filed a proof of service that confirms the service was proper under the federal rules. In any event, Ace's August 2013 service of MDLP's general partner, as listed in state records, also constituted proper service. Disregarding both acts of service for the technical reasons suggested by MDLP would denigrate service of process into a tactical game unworthy of our justice system.

A.   Background[1]

In 2004, Ace agreed to provide insurance through a Deductible Reimbursement Agreement to the Mills Corporation.  See 3/27/2013 Pet. to Confirm Arb. Award (doc. 1) at ¶¶ 7-8; Mot. to Vacate Def. J. (doc. 17) at 4.  That agreement was subsequently assigned to MDLP.  See 3/27/2013 Pet. at ¶¶ 10-12; Mot. to Vacate at 4.

In October 2011, Ace demanded arbitration pursuant to the Deductible Reimbursement Agreement, claiming MDLP had failed to pay approximately $3.7 million in premiums.  See 3/27/2013 Pet. at ¶ 22; Mot. to Vacate at 4.  MDLP did not participate in the arbitration and, in March 2013, a panel of arbitrators awarded Ace approximately $5.2 million.[2]  See 3/27/2013 Pet. at ¶ 26; Mot. to Vacate at 4.

On March 27, 2013, Ace filed a Petition to Confirm the Arbitration Award (the "petition") against MDLP in this Court.  See 3/27/2013 Petition.  In April 2013, Ace filed an Affidavit of Service signed by Andrew Miller of Metro Filing Services, Inc.  See 4/10/2013 Aff. (doc. 3).  Miller swore that he had personally served the petition on MDLP on April 5, 2013, but failed to state the location of service.  Id.  Miller also noted that an adult female had stated that MDLP was unknown at "this address."  Id.

Approximately two months later, in June 2013, Ace filed another Affidavit of Service signed by Miller.  See 6/3/2013 Aff. (doc. 4).  Miller swore that he had again personally served the petition on MDLP on May 21, 2013, and that an adult female had accepted the petition.  Id.

---

[1]   These background facts are uncontested as the parties agreed to the evidence set forth in the record.

[2]   MDLP knew about the arbitration, but elected not to defend it, knowing it would result in a default judgment.  See 10/7/2015 Hrg. at 12, 15-16; R. Sanders's 1/7/2015 Dep. (Ex. 1 to MDLP's Response to Supp. Memo. (doc. 33)) at 63, 147-48.  The strategic reasons for MDLP's decision are unclear, and are not relevant to the service of process issue before me.

2

Miller again failed to state the location of service.  Id.  One month later, MDLP filed two documents as exhibits to this second Affidavit of Service.  See 7/10/2013 Praecipe to Substitute/Attach Exhibits (doc. 5).  The first document was a copy of a May 17, 2013 letter from Ace's attorneys directed to MDLP, care of Corporation Service Company at 830 Bear Tavern Road, West Trenton, New Jersey.  Id.  The letter stated it was sent "via personal service" and enclosed the petition.  Id.  The second document was a New Jersey Business and Record report showing that MDLP's agent for service of process was Corporation Service Company at its West Trenton address.  Id.  Neither of these documents established that Miller had served the petition on Corporation Service Company in West Trenton.  Id.

On July 30, 2013, United States District Court Judge Mitchell S. Goldberg entered an order noting "that the proof of service upon [MDLP] is deficient."  7/30/2013 Order (doc. 6).  He ordered Ace, by August 20, 2013, to either: (a) amend its proof of service to demonstrate its service complied with the Federal Rules of Civil Procedure with an affidavit describing why such information was originally omitted; or (b) effect proper service on MDLP.  Id.  He further ordered that: "Failure to demonstrate or effect proper service by the above date will result in dismissal of this action for lack of prosecution."  Id.

On August 20, 2013, Ace's attorney filed an Amended Affidavit of Service certifying that the U.S. Marshals Service had personally served the Petition to Confirm on Meadowlands Limited Partnership ("MLP") on August 14, 2013.  See Am. Aff. of Service (doc. 7).  Ace attached the Process Receipt and Return.  Id.  Ace's attorney noted that the petition was to be served on MLP at 660 Madison Avenue, Suite 1600, New York, New York.  Id.  The U.S. Marshal certified that, on August 14, 2013, he or she had personally served an entity named

3

"Colony Capital" at the address listed by Ace. Id. The Marshal also noted that the woman at the desk had refused to give her name. Id.

Approximately one month later, Ace sought a default judgment based on MDLP's failure to respond to the petition. See Mot. for Entry of Default (doc. 8). Ace filed a second motion for default in early October 2013, and amended motions for default, in which Ace specified the amount owed, in late October and November 2013.[3] See Req. for Entry of Default (doc. 12); Am. Req. for Entry of Default (doc. 13); Second Am. Req. for Entry of Default (doc. 14).

On December 5, 2013, this Court filed a September 19, 2013 letter from Ace's attorneys to Judge Goldberg, written in response to a call from Judge Goldberg's chambers concerning service of the petition. See 9/19/2013 Letter (doc. 15) at 1. Ace explained that it had properly served the petition on MDLP by personally serving its general partner, MLP, in New York. Id. at 2-3; see also id. at 7 (New Jersey Division of Revenue Report stating MLP was the sole general partner of MDLP and listing 660 Madison Ave., Suite 1600, New York, NY as its address). Ace further explained that Colony Capital, a privately-held real estate investment firm, also was located at the New York address for MLP and that Colony Capital once employed the vice president of the managing partner of MLP. Id. at 3. Ace concluded that: MDLP "should not be able to thwart this proceeding by refusing to give its name to the United States Marshal who effected service on it." Id. at 4.

On December 6, 2013, Judge Goldberg granted Ace's motion for a default judgment. 12/6/2013 Order (doc. 16). Judge Goldberg found MDLP was served the petition at its place of

---

[3] Ace certified that it mailed a copy of each of these motions to MDLP at Corporation Service Company in West Trenton, New Jersey, and at the address for Colony Capital in New York, New York. See Mot. for Entry of Default; Req. for Entry of Default; Am. Req. for Entry of Default; Second Am. Req. for Entry of Default.

4

business, as shown by the August 2013 Amended Affidavit of Service and Ace's September 2013 letter. Id. Judge Goldberg further found that MDLP had failed to answer the petition or otherwise appeal. Id. He granted Ace a judgment for $5,214,249 based on the arbitration award and interest. Id.

Almost eleven months later, in October 2013, MDLP moved to vacate the default judgment, asserting Ace had failed to properly serve the petition. See Mot. to Vacate. The parties have filed several additional briefs and appeared for oral argument on October 7.[4] The parties agree that the default judgment must be deemed void if MDLP was not properly served. See Mot. to Vacate at 8; Resp. (doc. 18) at 6; see also Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985) ("[a] default judgment entered where there has been no proper service of the complaint is, *a fortiori*, void, and should be set aside") (citing Fed. R. Civ. P. 60(b)(4)). The parties disagree, however, whether service was properly made.

B.    Service of Process

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Courts, therefore, require plaintiffs to take steps to provide notice to those they sue. See Fed. R. Civ. P. 4(c). Moreover, compliance with these court rules is necessary for the court to have personal jurisdiction over a defendant. See Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993) (Although notice underpins the rules governing service,

---

[4] After the motion to vacate was fully briefed, the parties consented to have me adjudicate that motion. See 9/15/2015 Consent and Order to Jurisdiction (doc. 53).

"[p]roper service is still a prerequisite to personal jurisdiction."); Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 28 (1st Cir. 1988) (defendant must be served in accordance with the federal rules "for the court to secure personal jurisdiction over him").

A plaintiff must serve a copy of the complaint and a summons on all defendants. See Fed. R. Civ. P. 4(c). Where a defendant is a partnership, such as MDLP, service may be completed by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment to receive service of process. See Fed. R. Civ. P. 4(h)(1)(B). Service also may be completed by following the laws of the state where the case is filed or the state where service is made. See Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). The state laws relevant to this case allow service on a partnership similar to the federal rule. See Pa. R. C. P. 424 (partnership may be served by handing copy of the complaint to: (1) an executive officer or partner; or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the partnership; or (3) an agent authorized in writing to receive service of process); N.Y. C.P.L.R § 310 (partnership may be served by personally serving any of the partners, the managing agent, the general partner, or the person in charge of the office of the partnership within the state and by mailing the summons to the last known address or place of business of the partnership); N.J. R. 4:4-4 (partnership may be served by serving copy of summons and complaint on an officer, managing agent, or general partner).

Rule 4 also requires plaintiffs to present proof of service, either by a server's affidavit or a certification by a U.S. Marshal. Fed. R. Civ. P. 4(l)(1). However, "[f]ailure to prove service does not affect the validity of service" and "[t]he court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3). Thus, where there has been proper service, problems with the proof of service should not impact the validity of that service. See Constitutional Guided

Walking Tours, LLC v. Independence Visitor Center Corp., 804 F. Supp. 2d 320, 324-25 (E.D. Pa. March 31, 2011) ("Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint and technical defects do not justify dismissal").

C.      MDLP's and Ace's Arguments

MDLP does not contend that it was not served by Ace in May 2013 when Miller swore he served the petition. See 10/7/2015 Hrg. at 21 ("I don't think we can legitimately claim that [MDLP was not served in May 2013]."), 44 ("we are not saying that he didn't go there and [serve the Petition to Confirm in May 2013]"), 47 ("I am not saying that Mr. Miller did didn't go to [Corporation Service Company] back then and serve these papers."). MDLP asserts, however, that I cannot consider the May 2013 service because Judge Goldberg rejected it in his July 30, 2013 order. See MDLP's Reply (doc. 21) at 1, 3-4. MDLP also contends that it would be improper to consider the May 2013 service because Judge Goldberg based the default judgment on Ace's August 2013 service of MLP in New York. Id. at 2. MDLP further argues that Ace's service on MLP was improper because: (1) Rule 4(h)(1) does not permit service on a general partner; (2) MLP was not its general partner when MLP allegedly was served; and (3) Ace did not serve MLP; it served Colony Capital, a separate entity. See Mot. to Vacate at 3-6, 10-12.

Ace argues that I can look at both the May 2013 service and the August 2013 service and that both services were proper. See 10/7/2015 Hrg. at 25 ("Service was performed twice here. Both were valid."). With regard to the May 2013 service, Ace explains that Judge Goldberg ruled only that the proofs of service were deficient, which Ace concedes because Miller did not state where he served the petition. See id. at 26-28. However, in response to MDLP's motion to vacate, Ace has filed a new Affidavit of Service, in which Miller now swears that he had personally served the petition on MDLP in May 2013 at Corporation Service Company's address

7

in New Jersey. See 10/20/2014 Aff. of Serv. (Ex. 2 to Dec. of Noah A. Schwartz (doc. 18-2)). Ace contends that I can consider this new affidavit, despite the delay in filing it, because MDLP cannot show any prejudice since it does not argue that it was not served in May 2013. See 10/7/2015 Hrg. at 30.

Ace argues that the August 2013 service on MLP was proper because Rule 4 allowed service pursuant to Pennsylvania or New York law, and both states permit serving the general partner of a partnership. See Resp. at 7-9. It notes that New Jersey state records identified MLP as MDLP's general partner at the time it served MLP and it was entitled to rely on those records. See Resp. at 9-11. Lastly, Ace asserts that service cannot be deemed deficient because the U.S. Marshal stated that he served Colony Capital, which was equivalent to service on MLP because Colony Capital shared office space with MLP and controlled MLP. Id. at 2.

D.  Findings of Fact and Conclusions of Law[5]

MDLP was properly served in both May and August 2013.[6] Contrary to MDLP's assertions, Judge Goldberg never ruled that the May 2013 service was invalid. Rather, Judge Goldberg noted only that the proof of service was deficient and he was unable to discern whether service was proper. See 7/30/2013 Order; see also 2/11/2015 Order (doc. 30) n.1 (noting MDLP had mischaracterized the July 2013 Order in briefing because that order did not state service was

---

[5] I make all findings of fact based on a preponderance of the evidence.

[6] Although there is conflicting case law as to which party bears the burden of proof in a case such as this, I placed the burden of proof on Ace, as plaintiff. See Myers v. Moore, No. 12-597, 2014 WL 7271348, *4-5 (E.D. Pa. Dec. 22, 2014) (discussing circuit split as to which party bears burden of establishing jurisdiction in context of motion to vacate default judgment where defendant had actual notice of the action); Mortgage Electronic Registration System v. Patock, No. 206-190, 2009 WL 1421295, *2-3 (D. V.I. Dec. 22, 2009) (same). Ace satisfied its burden by producing records and deposition testimony about the relationship between the parties and entities served.

invalid). Judge Goldberg then gave Ace a limited amount of time to amend its proof of service or re-serve MDLP. See 7/30/2013 Order. Ace chose the latter option and re-served MDLP in New York. Because Judge Goldberg concluded this re-service was proper, he did not make any further ruling on the May 2013 service.

Although Judge Goldberg based the default judgment on Ace's re-service of MDLP in New York, I am not barred from considering the propriety of the May 2013 service. Service of process is not meant to be a game or obstacle course for plaintiffs. See Ali v. Mid-Atlantic Settlement Serv., Inc., 233 F.R.D. 32, 35-36 (D.C. Jan. 6, 2006). It is intended to ensure that steps are taken to put a defendant on actual notice of a lawsuit and to vest courts with personal jurisdiction. See id.; supra at 5. If the plaintiff has properly taken such steps, technical defects should not affect the validity of service. See Fed. R. Civ. P. 4(l)(3); Constitutional Guided Walking Tours, 804 F. Supp. 2d at 324-25.

The new affidavit of service filed by Ace in connection with this dispute shows that MDLP was properly served in May 2013. See 10/20/2014 Aff. of Serv. Miller swore that he personally delivered the petition on MDLP in May 2013 at the address for MDLP's registered agent for service of process: Corporation Service Company. See id. Such service satisfied Rule 4(h)(1)(B). See supra at 6. Although Ace filed this affidavit of service long after it occurred, MDLP cannot show prejudice. It does not dispute being served in May 2013. See supra at 7. The May 2013 service is not invalid solely because the initial proofs of service were deficient and Ace failed to correct them until MDLP moved to vacate the default judgment. See Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011) (district court properly refused to dismiss case for lack of service where defendants admitted service, but challenged timing); Constitutional Guided Walking Tours, 804 F. Supp. 2d at 325 (refusing to dismiss case for lack

of service where defendants conceded service and plaintiff remedied the affidavit of service with exhibit filed during dispute on motion to dismiss); Dow v. Jones, 232 F. Supp. 2d 491, 497 (D. Md. 2002) (motion to dismiss denied because affidavit of service misidentified the defendant when defendant did not deny being served); Wass v. American Safety Equip. Corp., 573 F. Supp. 39, 40 (D. Me. 1983) (defendant could not attack service based on technical ground where he did not contend service was not made).

      Even if the May 2013 service could not be considered, Ace's subsequent service of MDLP on MLP at its New York address was proper. Rule 4(h)(1)(A) permits service on a managing or general agent of a partnership, such as a general partner. See Porter v. Hardin, 164 F.2d 401, 403 (5th Cir. 1947) (no question as to proper service upon a general partner). Rule 4(h)(2) also allows service according to the service laws in the state where the case is pending, which was Pennsylvania, or where service is being effected, which was New York. Both states authorize service of a partner by personally serving the general partner. See Pa. R.C.P. 424; N.Y. C.P.L.R § 4:4-4. Ace, therefore, could serve MDLP by serving its general partner.

      Although MDLP maintains that MLP was not its general partner at the time that Ace served MLP because MLP had transferred its partnership interests in MDLP two weeks before service, this transfer was not publicly formalized under New Jersey law. See 10/14/2014 New Jersey Business Gateway Record (Ex. 3 to Noah A. Schwartz Dec. (doc. 18-2)) at 2 (listing MLP as MDLP's general partner). MDLP properly relied on New Jersey state records to conclude MLP was MDLP's general partner. See Summit Bank v. Taylor, No. 96-7229, 1997 WL 811526, at *2 (S.D.N.Y. Nov. 12, 1997) (service may be effected on limited partnership by serving any general partner listed in certificate of limited partnership even if the general partner has since resigned); Granger v. American E-Title Corp., No. 10-4627, 2013 WL 1845144, at *8

(D. N.J. May 1, 2013) (plaintiff made good faith attempt to determine location for service by relying on New Jersey Business Gateway Record); N.J. Stat. § 42:2A-17 (limited partnership must amend partnership certificate within 30 days of withdrawal of general partner).[7]

The U.S. Marshal's notation that he/she had personally served "Colony Capital," rather than MLP, at MLP's address also did not render service deficient because both companies shared the same address and Colony Capital's employees essentially managed MLP. See R. Sanders Dep. at 11-12 (Colony Capital had an office at 660 Madison Avenue until September 2013), 43 (MLP did not have any employees), 44 (MLP's management needs, if any, would primarily be conducted by Colony Capital as manager for two funds held by MLP);[8] see also 8/20/2013 Am. Aff. of Service (U.S. Marshal's certification that Colony Capital was served at address stated for MLP). Under these circumstances, service on a Colony Capital employee at the address listed for MLP was sufficient to serve MLP. Ace was not required to re-serve MLP until it could find some nonexistent MLP "employee" at the same address. MDLP's contention that Ace should have taken such steps suggests an element of gamesmanship that is inconsistent with the federal rules and fundamental notions of due process.

---

[7] MDLP argues Granger supports its position that service was improper because the Granger court ultimately held that the plaintiff's service on the address listed in the records was improper. See Reply Br. at 6 n.2. However, in Granger, the address was vacant and the mail was returned undelivered. See No. 10-4627, 2013 WL 1845338, at *8. Here, the petition was accepted at MLP's address, as confirmed by the U.S. Marshal.

[8] MDLP argues that Sanders's testimony fails to establish that Colony Capital was the managing agent of MLP because he stated only that Colony Capital managed two funds invested in MLP. See Memo. in Resp. to Supp. Memo. (doc. 33) at 2-3. Even if Colony Capital was not the designated managing agent for MLP, it managed a portion of MLP's business. See id. (acknowledging that Sanders testified that MLP was not an active operating company and its management needs were primarily conducted by Colony Capital).

Ace twice served MDLP in accordance with Rule 4 and in a manner reasonably calculated to notify MDLP of the action against it.  MDLP cannot claim that this Court lacked jurisdiction to enter the default judgment.  The judgment remains valid.

An appropriate Order follows.